IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PABTEX, INC. | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 1:16-CV-0143 |
| | § | |
| VS. | § | |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY, LLC AND MARQUETTE | § | |
| TRANSPORTATION COMPANY | § | |
| GULF-INLAND, LLC | § | |
| *Defendants*, | § | |

## PABTEX, INC.'S OBJECTIONS AND MOTION FOR PROTECTION AGAINST NONPARTY SUBPOENAS FOR PRODUCTION OF DOCUMENTS

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, **PABTEX, INC.**, Plaintiff in the above-styled and numbered cause, and files its Objections and Motion for Protection Against Nonparty Subpoenas for Production of Documents pursuant to Federal Rule of Civil Procedure 26(c)(1) and asks this Court to sustain its objections and grant the protective relief requested against the subpoenas for production of documents served by Defendants Marquette Transportation Company, LLC and Marquette Transportation Gulf-Inland, LLC ("Marquette") on certain third parties to this lawsuit:

## I.
## BACKGROUND

1.  Plaintiff Pabtex asserts claims against Defendant Marquette under general admiralty law arising out of a May 12, 2015 dock collision where a marine vessel owned and operated by Marquette allided with the Pabtex Terminal Dock (the "dock") located on the bank of the Sabine River on the Gulf Intracoastal Waterway in Port Arthur, Texas. Pabtex's dock sustained significant damages to its northern inshore concrete pilings, beams, and structures as a

result. The costs to repair the Pabtex dock and associated damages are the subject of this lawsuit.

2. At all material times to Pabtex's claims, its facility and dock were managed by Savage Gulf Services, Ltd., LLC ("Savage Services") and Savage's facility manager Greg Alder. Alder and Savage Services coordinated the efforts to repair the dock and its structures to their original and operational condition. Savage Services utilized (or accepted bids from) qualified third-party contractors to survey damages, recommend necessary repairs, design the repairs, and construct the repairs. Those contractors ("Nonparty Contractors"), whether used or simply permitted to bid a portion of the work, included:

- Sabine Surveyors, Ltd. ("Sabine Surveyors");
- Lanier & Associates Consulting Engineers, Inc. ("Lanier Engineers");
- Widgeon Construction, Inc. ("Widgeon Construction");
- Neches Engineers & Constructors, Inc. ("Neches Engineers"); and
- Bo-Mac Contractors, Ltd. ("Bo-Mac Contractors").

3. On June 22, 2017, Marquette electronically served Pabtex with a Notice of Intent to Serve Subpoenas (the "Notice") pursuant to Rule 45(a)(4) on Savage Services and the five Nonparty Contractors listed above.[1] The subpoenas directed at the Nonparty Contractors contain 15 substantively identical requests for document production,[2] while the subpoena to Savage Services contains 36 requests for document production.[3] All of the subpoenas are dated June 20, 2017; the Notice indicates Marquette intended to serve the subpoenas on June 23, 2017. As detailed below, Pabtex objects to the subpoenas directed to the Nonparty Contractors and Savage Services on grounds that the production requests are overbroad, irrelevant, unduly burdensome, harassing, and seek confidential and proprietary information.[4]

---

[1] Exhibit A (Defendant's Notice of Intent to Serve Subpoenas).
[2] Exhibit B (Subpoenas to Nonparty Contractors Sabine Surveyors, Lanier Engineers, Widgeon Construction, Neches Engineers, and Bo-Mac Contractors).
[3] Exhibit C (Subpoena to Savage Services).
[4] In the parties' conference, Marquette indicated it is willing to permit Pabtex to designate documents obtained by the third-party subpoenas as confidential under the confidentiality agreement (protective order) in place between the

2

5. Pabtex attempted to confer with Marquette's counsel of record pursuant to Local Rule CV-7(h) in person in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c)(1) and as shown in the attached certificate of conference. Pabtex and Marquette were able to resolve Pabtex's objections pertaining to confidential and proprietary documents obtained from third-parties, but the remainder of Pabtex's objections remain unresolved and disputed by Marquette.

6. This Motion is filed the day the Nonparty Contractors and Savage Services are requested to produce documents under the subpoenas. The relief requested, however, is not to block Marquette's third-party discovery, but to sustain and preserve Pabtex's objections to the requests, to protect against overbroad, burdensome and irrelevant discovery, and to provide Pabtex leave of Court to assert its objections in response to any subsequent motions to compel or enforcement motions filed by Marquette against the Nonparty Contractors and Savage Services.

## II.
## OBJECTIONS AND MOTION FOR PROTECTION

7. Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c). The standard for good cause will vary with the type of information and protective order sought. *See Jimenez v. U.S.A.*, Civ. No. SA-13-CA-96-OG, 2014 WL12586403, at *2 (W.D. Tex. Apr. 25, 2014) (citing *Shingara v. Skiles*, 420 F.3d 301, 305–06 (3d. Cir. 2005)). Even if good cause is shown, the court must balance the competing interests of allowing discovery and protecting the parties (or nonparties) from undue burdens. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). In deciding whether

---

parties. Based on these representations, Pabtex does not ask this Court for relief for its objections pertaining to confidential and proprietary information.

3

to grant a motion for protective order, the court has significant discretion. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

8. A court may determine good cause exists to grant a protective order against nonparty discovery subpoenas for a number of reasons, including whether the information is being sought for a legitimate purpose, the good faith of the party requesting discovery, the availability of other means of proof or less intrusive means of obtaining the discovery, and whether disclosure will violate any privacy interests. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d. Cir. 1995). A nonparty subpoena seeking irrelevant or overbroad information can be sufficient grounds for a protective order limiting or otherwise precluding the discovery. *See Auto-Owners Ins. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Wash. v. Thurgood Marshall Academy*, 230 F.R.D. 18, 24–25 (D.D.C. 2005).

**A.     The Subpoenas are Facially Overbroad and Unduly Burdensome**

9. A court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) (quoting *Wiwa v. Royal Dutch Petro. Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Courts consider numerous factors when evaluating the burden on the subpoenaed party: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818 (footnote omitted). If the document request is directed at a nonparty, the court may also consider the expense and inconvenience to the nonparty. *Id.* (footnote omitted).

10. Pabtex objects to multiple production requests directed to the Nonparty Contractors as facially overbroad, irrelevant, insufficiently particular, and unduly burdensome:

4

- **Nonparty Contractor Request No. 10**: This request seeks "all documents and communications" exchanged between the Nonparty Contractor and Savage Services, Pabtex, and/or Kansas City Southern[5] related to any work or services provided at the facility for a period of 10 years prior to the incident.

- **Nonparty Contractor Request No. 11**: This request seeks each Nonparty Contractor to produce a "complete copy" of their "file regarding any work and/or service provided" with respect to the dock for 10 years prior to the incident.

- **Nonparty Contractor Request No. 12**: This request seeks "any and all pre-incident design, consultant, and construction contractor schedules, budgets, and estimates for any modification, maintenance, repair, replacement, renewal, renovation, or improvement work and/or service" provided by the Nonparty Contractor to the facility for a period of 10 years prior to the incident.

- **Nonparty Contractor Request No. 13**: This request seeks any documents and communications exchanged between and among all of the Nonparty Contractors "regarding any work and/or service" provided by the Nonparty Contractor with respect to the facility for a period of 10 years prior to the incident.

- **Nonparty Contractor Request No. 14**: This request seeks "all documents about, related to, or evidencing services" each Nonparty Contractor provided Savage Services, Pabtex, or Kansas City Southern "regarding any work and/or service provided" at the facility for 10 years prior to the incident.

- **Nonparty Contractor Request No. 15**: This request seeks "all invoices, receipts, checks, cancelled checks, wire payment information, or similar evidence of payment for all payments made by Pabtex, Savage Services, or Kansas City Southern" to each Nonparty Contractor for any work and/or service it provided at the facility for a period of 10 years prior to the incident.

11.     Pabtex objects to the production requests directed to the Nonparty Contractors identified in Paragraph 10 above as facially overbroad, irrelevant, unduly burdensome, and not sufficiently particular as to the materials requested. Nonparty Contractor production requests 10–15 each seek an unlimited and unspecified category of materials that have no demonstrable connection or relationship to the incident in question, but rather pertain to "any and all" services and documents for a period of 10 years prior to the accident. Further, Requests 10–15 seek these

---

[5] *See* Document No. 2 (Pabtex, Inc.'s Rule 7.1 Disclosure Statement; identifies Kansas City Southern as the parent corporation of Pabtex, Inc.'s parent corporation, Southern Industrial Services, Inc.).

materials for an arbitrary and unduly burdensome period of 10 years prior to the incident, regardless of whether the materials relate to this incident and regardless of the date. *See, e.g., Schaff v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 455 (E.D. N.C. 2005) (nonparty subpoena for "all" documents in possession for past ten years "stands as a paradigmatic example of a facially overbroad subpoena" and seeks documents with no connection to case). Finally, Requests 10–15 do not particularize the scope to materials related to the affected pilings, structures, and damaged areas of the Pabtex dock, but instead seek materials related to work performed on any area of the entire dock (approximately 780 ft. long), no matter how immaterial.[6] Marquette has no need for the scope of documents, and the burdens placed on the Nonparty Contractors are great, in particular Widgeon Construction and Sabine Surveyors.

12. Pabtex also objects to multiple document requests directed to Savage Services as facially overbroad, irrelevant, insufficiently particular, and unduly burdensome:

- **Savage Services Request No. 20**: This request seeks all photographs, videos, diagrams, drawings, sketches, and "similar depictions" of the Pabtex Dock made or created from January 1, 2012 to the present.

- **Savage Services Request No. 26**: This request seeks "all work tickets, daily logs, sign-in sheets, or hourly records" regarding maintenance work and/or repairs done at the facility, or management services performed by Savage Services related to such work/repairs, for a period of five years prior to the incident.

- **Savage Services Request No. 27**: This request seeks all documents and communications that identify, list, itemize, or describe the specific tasks and activities performed by Savage Services with respect to any repairs or work performed or overseen at the facility for five years prior to the incident.

- **Savage Services Request No. 30**: This request seeks documents and communications between Savage Services and Nonparty Contractor Sabine Surveyors "related to any services provided by Sabine with respect to the facility" for a period of five years prior to the incident.

---

[6] For example, Marquette's document request to Savage Services No. 23 and No. 24 each restrict the scope of the request to "areas of the dock allegedly damaged as a result of the incident." No such restrictions are placed on the Nonparty Contractors' requests.

6

- **Savage Services Request No. 31**: This request seeks documents and communications between Savage Services and Nonparty Contractor Lanier Engineers "related to any services provided with respect to the facility" for a period of five years prior to the incident.

- **Savage Services Request No. 32**: This request seeks documents and communications between Savage Services and Nonparty Contractor Widgeon Construction "related to any services provided with respect to the facility" for a period of five years prior to the incident.

- **Savage Services Request No. 33**: This request seeks documents and communications between Savage Services and Nonparty Contractor Neches Engineers "related to any services provided with respect to the facility" for a period of five years prior to the incident.

- **Savage Services Request No. 35**: This request seeks documents and communications between Savage Services and Nonparty Contractor Bo-Mac Contractors "related to any services provided with respect to the facility" for a period of five years prior to the incident.

- **Savage Services Request No. 36**: This request seeks all invoices, receipts, checks, cancelled checks, wire payment information, or "similar evidence" of payment for all payments made by Pabtex or Kansas City Southern to Savage Services for management services performed by Savage with respect to the facility for a period of five years prior to the incident.

13. Pabtex similarly objects to the production requests to Savage Services Nos. 20, 26–27, 30–33, and 35–36 as facially overbroad, irrelevant, unduly burdensome, and not sufficiently particular as to the materials requested. The requests seek an unlimited and unspecified category of materials that have no demonstrable connection or relationship to the incident in question, but rather pertain to any and all work/services performed at the facility for a period of five years prior to the incident. The requests also do not particularize the scope to materials related to the affected pilings, structures, and damaged areas of the Pabtex Dock, but instead seek materials related to work performed on any area of the facility or documents related to any part of the facility for any reason. Marquette has no need for the scope of documents requested, especially considering the burdens placed on Savage Services.

### B. The Subpoenas Request Duplicative Information

14. Pabtex further objects because many of the document requests identified in the Nonparty Contractor and Savage Services subpoenas request production of documents that are in the possession, custody, and control of Plaintiff Pabtex, such as the requests to Pabtex's facility manager Savage Services or requests in which Pabtex would also have possess responsive materials. Several of the production requests are identical to discovery previously served upon Pabtex, and to which Pabtex has asserted objections and produced responsive documents. Pabtex objects to Marquette's attempt to circumvent proper party discovery by placing the burdens of document production on Pabtex's independent contractors.

### III.
### RELIEF REQUESTED

15. Pabtex asks the Court to sustain its objections and find that protective relief is warranted against any attempt by Marquette to further compel or enforce compliance with the above-mentioned subpoenas for document production against the Nonparty Contractors and Savage Services. To the extent the Nonparty Contractors or Savage Services have voluntarily produced irrelevant documents, Pabtex asserts its right to object at trial. With this Motion, Pabtex seeks to preserve its right to object and seek protection to the extent Marquette seeks to further compel or enforce compliance with its overbroad, irrelevant, and unduly burdensome subpoenas for document production against the Nonparty Contractors and Savage Services. Alternatively, Pabtex asks this Court to limit the overbroad and unduly burdensome discovery requests to documents relating to the incident and the affected or damaged areas of the Pabtex dock for a reasonable time period.

## IV.
## PRAYER

16.     Plaintiff Pabtex, Inc. asks this Court to sustain its objections to the subpoenas to produce documents served by Marquette on five Nonparty Contractors and Savage Services and to find Pabtex has preserved its right, and is entitled to leave if necessary, to object and seek protection against any attempts by Marquette to further compel or otherwise enforce the overbroad and unduly burdensome document subpoenas against any of the Nonparty Contractors or Savage Services. Pabtex further requests any further relief to which it may be entitled, in law and in equity.

Respectfully submitted,

**GERMER PLLC**
P. O. Box 4915
Beaumont, Texas 77704
Telephone:  (409) 654-6700
Telecopier:  (409) 835-2115

By: _____
J. Mitchell Smith
Attorney-in-Charge
State Bar No. 18626900
jmsmith@germer.com
Sonny E. Eckhart
State Bar No. 24082947
sonnye@germer.com

ATTORNEYS FOR PLAINTIFF
PABTEX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Pabtex, Inc.'s Objections and Motion for Protection against Nonparty Document Subpoenas has been forwarded to the following counsel of record on this the 7th day of June, 2017.

Mr. Marc G. Matthews
Mr. Michael E. Streich
Phelps Dunbar LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
***via E-MAIL***

_____
Sonny E. Eckhart

## CERTIFICATE OF CONFERENCE

I certify that on June 30, 2017, I attempted to confer with Marc G. Matthews in person pursuant to Local Rule CV-7(h) and Federal Rule of Civil Procedure 26(c)(1) in a good-faith effort to resolve the dispute without court action, and he opposes Pabtex's Objections and Motion for Protection Against Nonparty Document Subpoenas and Pabtex's objections remain unresolved and disputed by Marquette.

_____
Sonny E. Eckhart