UNITED STATES DISTRICT OURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PABTEX, INC., <br>  *Plaintiff*, <br> <br> v. <br> <br> MARQUETTE TRANSPORTATION <br> COMPANY, LLC, <br>  *Defendant*. | § <br> § <br> §   Civil Action No. 1:16-CV-143 <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, this matter was referred to United States Magistrate Judge Keith F. Giblin for pretrial matters. On December 19, 2017, Judge Giblin entered his report and recommendation (Doc. No. 52) recommending that the District Court deny the plaintiff's motion for partial summary judgment on liability.

Plaintiff, Pabtex Inc. ("Pabtex") filed objections to Judge Giblin's report and recommendation. Plaintiff argues that Judge Giblin erred in failing to consider whether crewmembers on the vessel *Randy Eckstein* acted reasonably under the circumstances. It also contends that the magistrate judge did not properly consider the pilot Tracy Hooter's testimony. Finally, Pabtex avers that Judge Giblin erred in finding that the defendant Marquette Transportation ("Marquette") overcame its burden under the *Oregon* Rule by presenting evidence satisfying its burden that the crew of the *Randy Eckstein* acted reasonably under the circumstances." *See Objections* (Doc. No. 55).

A review of the record indicates that little evidence was presented relative to the crew members on the *Randy Eckstein* other than Tracy Hooter. A deckhand, John Whisenhunt, reportedly quit the job in the middle of building tow, prior to the accident. *See Hooter Depo.*, at

1

122:7-24; 142:3-9 (doc. #30-1). There were still two other crew members, including a deckhand and a lead man, but the record is sparse regarding any idntifying information. *Id.* at 142:3-14. They were working on the corner of the last barge that the Randy Eckstein was taking on. *See id.* at 143:9-13. Hooter did testify briefly about his radioed requests to his crew to gauge his position, but noted that they could have failed to respond due to a lack of visibility or because they were busy preparing to take on tow or to dock. *See Hooter Depo.*, (doc. #30-1), at 169:6-13, 191:1-192:4. He also stated that in their position, his crew would not have been able to feel the vessel being pushed. *Id.* at 176:17-177:5 Hooter further maintained that as a pilot, he was in charge of the vessel. *Id.* at 37:20-22.

This evidence – some of which is cited in Pabtex's objections – creates a genuine issue of material fact as to whether the remaining crew of the *Randy Eckstein* acted negligently. The summary judgment record consists almost entirely of Hooter's deposition, and his testimony alone does not definitively establish for purposes of summary judgment that the other crew's actions were a substantial or material factor in causing the collision at issue. *See American River Transp. Co. v. Kavo Kaliakra SS*, 148 F.3d 446, 450 (5th Cir. 1998). This Court's own review of the record leads the undersigned to conclude that Judge Giblin did not err in his determination that genuine issues of material fact exist as to the crew's liability for the collision.

The Court similarly concludes that Judge Giblin did not err in relying on Hooter's testimony in determining that genuine issues of material fact exist on Marquette's liability for the collision. Pabtex argues that Hooter's testimony is "incomplete" and "misleading." It should be noted, however, that Pabtex relied heavily on portions of Hooter's testimony in its motion for partial summary judgment. Furthermore, Judge Giblin did not determine that Hooter in fact acted reasonably under the circumstances; rather, he concluded that "*there is a factual issue* on whether

Hooter acted reasonably." *See Report*, at p. 11 (emphasis added). This distinction is significant in analyzing Pabtex's objections. The Court's duty in considering a summary judgment motion is not to make credibility determinations or weigh evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Instead, the court is consider whether the record shows an absence of evidence supporting the nonmovant's case. *See Skotak v. Tennco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Judge Giblin did just that – he considered Hooter's testimony and determined that there was sufficient evidence therein to create at least a genuine issue of material fact as to his, and Marquette's, negligence. Pabtex contends that Hooter acted unreasonably, but the undersigned finds that there are several statements indicating the contrary. This is sufficient to create a factual issue, thereby leaving the final determination of the reasonableness of Hooter's actions for trial. The Court agrees with Judge Giblin's determination that a fact issue exists regarding Hooter's negligence. The Court accordingly finds that Pabtex's objection in this regard should be overruled.

Having conducted a *de novo* review, the Court is not convinced it has been shown that no issue of material fact exists for trial. It is therefore **ORDERED t**hat the *Report and Recommendation* (Doc. No. 52) is **ADOPTED**. The plaintiff's objections (Doc. No. 55) are **OVERRRULED**. This Court therefore **ORDERS** that Plaintiff Pabtex, Inc.'s *Motion for Partial Summary Judgment* (Doc. No. 30) is **DENIED**. All other causes of action remain pending for the bench trial.

So **ORDERED** and **SIGNED** this **9** day of **January, 2018.**

_____
Ron Clark, United States District Judge